

# THE ATTORNEY GENERAL
# OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN, TEXAS

July 12, 1949.

Hon. E. E. Coons
County Attorney
Sherman County
Stratford, Texas

Opinion No. V-852.

Re: The proper basis, misdemeanor
or felony, for the prosecu-
tion of an applicant who makes
a false statement on an appli-
cation for an operator's li-
cense.

Dear Sir:

Your request for an opinion is substantially
as follows:

"... Last month a young man was con-
victed in County Court of Dallam County, Texas,
of driving on a public highway while intoxicat-
ed. About ten days later he came to Sherman
County and made application on the form provid-
ed by the Department of Public Safety, to an
employee of the Department. On this form is a
question inquiring whether the applicant has
ever been convicted of driving a motor vehicle
while intoxicated, and he answered 'No' . . .
The Department issued him a license. Last
Monday the Grand Jury of Sherman County indict-
ed this man for false swearing . . ."

For the purpose of this opinion, your second
question which is as follows will be discussed first:

"Will an indictment for false swearing
lie for this violation?"

Section 6 of Article 6687b, V.C.S., provides:

"(a) Every application for an original or
renewal of an operator's, commercial operator's,
or chauffeur's license shall be made upon a
form furnished by the Department, and every
original application shall be verified by the
applicant before a person authorized to ad-
minister oaths, and officers and employees of
the Department are hereby authorized to admin-
ister such oaths without charge. No officer

Hon. E. E. Coons, page 2 (V-852)

or employee of the State shall be permitted
to make any charge to administer such oaths.
Every said application shall be accompanied
by the required fee.

"(b) Every said application shall state
the full name, date of birth, sex, and resi-
dence address of the applicant, and briefly
describe the applicant, and shall state wheth-
er the applicant has theretofore been licensed
as an operator or chauffeur, and, if so, when
and by what State or country, and whether any
such license has ever been suspended or revok-
ed, or whether an application has ever been
refused, and, if so, the date of and reason
for such suspension, revocation, or refusal."
(Emphasis supplied.)

Section 33 of Article 6687b, V.C.S., is as
follows:

"Any person who makes any false affida-
vit, or knowingly swears or affirms falsely
to any matter or thing required by the terms
of this Act to be sworn to or affirmed, is
guilty of false swearing and upon conviction
shall be punishable by fine or imprisonment
as other persons committing false swearing
are punishable."

Section 44 of Article 6687b is as follows:

"(a) It shall be a misdemeanor for any
person to violate any of the provisions of
this Act unless such violation is by this Act
or other laws of this State declared to be a
felony.

"(b) In addition to any other penalties
hereinabove provided, and unless another pen-
alty is in this Act or by the laws of this
State provided, every person convicted of a
misdemeanor for the violation of any provision
of this Act shall be punished by fine of not
more than Two Hundred Dollars ($200.00)."

Article 310, V.P.C., is as follows:

"If any person shall deliberately and wilfully, under oath or affirmation legally administered, make a false statement by a voluntary declaration or affidavit, which is not required by law or made in the course of a judicial proceeding, he is guilty of a false swearing, and shall be punished by confinement in the penitentiary not less than two nor more than five years."

Your fact situation does not reflect whether the application in question was actually sworn to. Assuming that this is an original application for an operator's license which was properly sworn to and is in fact an affidavit and is false, it is our opinion that the same comes within the purview of Section 33 of said Act and the applicant could be indicted and prosecuted for a felony for false swearing.

Section 33 of Article 6687b, V.C.S., by specifically referring to the "false swearing" statute (Art. 310, V.P.C.) indicated conclusively that the making of a false affidavit or false statement knowingly by an applicant for an operator's license in an original application of a matter required by the terms of Article 6687b to be verified could be indicted under the provisions of the "false swearing" statute and not under the general misdemeanor sections of said Act. If the false statement is an affidavit or is of a matter required to be verified under Article 6687b and is actually verified and is false, it should be prosecuted in the appropriate manner as a felony and should be subject to the appropriate defenses.

Considering now, your first question:

"Could this man have been prosecuted for a misdemeanor, and, if so, under what provision of the statutes of Texas?"

Section 32, paragraph (6) of Article 6687b is as follows:

"To use a false or fictitious name or give a false or fictitious address in any application for an operator's, commercial operator's, or chauffeur's license or any renewal or duplicate thereof, or knowingly to

make a false statement or knowingly to cancel[1]
a material fact or otherwise commit a fraud
in any such application."

A false statement is declared to be a felony
only when it is sworn to, the elements of a complete
verification being required. However, if these elements
are lacking, it is our opinion that prosecution for a
misdemeanor would lie under the provisions of Sections
32 and 44 inasmuch as the act of making a false state-
ment would constitute a misdemeanor under the provisions
of this Act.

Therefore, we conclude that if all the elements
of false swearing are present, prosecution would lie un-
der the provisions of Section 33, with punishment fixed
by Article 310. These elements not being present, the
prosecution would lie under the provisions of Section 32
and Section 44.

## SUMMARY

One who makes a false statement in an
original application for a driver's license
regarding a matter required by Article 6687b,
V.C.3., is subject to prosecution for a fel-
ony for false swearing under Section 33 of
said Act with punishment fixed by Article 310,
V.P.C. If the elements of false swearing are
not present, said applicant may be prosecuted
for a misdemeanor under the provisions of Sec-
tions 32 and 44 of said Act for making a false
statement.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

APPROVED

FIRST ASSISTANT
ATTORNEY GENERAL

By

Burnell Waldrep
Assistant

---

[1] So enrolled in original Act. Probably should have read
"conceal."